# EXHIBIT 1

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

DIDIER GABRIEL
Plaintiff,

vs.                                                           Case No.:

IHG MANAGEMENT(MARYLAND) LLC
Defendant.
_____/

## COMPLAINT

Plaintiff, DIDIER GABRIEL ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, IHG MANAGEMENT(MARYLAND) LLC, and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000, exclusive of attorneys' fees or costs, declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Race, and/or Color.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Hillsborough County, Florida because all of the actions that form the basis of this Complaint occurred within Hillsborough County, Florida and payment was due in Hillsborough County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant on or about January 14, 2021, as a Director of Engineering.

13. Plaintiff is a Black Caribbean male and was subject of discrimination form on or about January 2021 to on or about February 2023.

14. Plaintiff claims that his treatment by General Manager Glen Semfort (Caucasian/White) worsened over time.

15. Glen belittled, embarrassed, and mocked Plaintiff on multiple occasions, including making derogatory comments about his ethnicity.

16. Glen ridiculed Caribbean soccer teams and made disparaging remarks about black Caribbean people and black people.

17. Glen told Plaintiff, a member of the LCC team, "You people are not up to standard" referring to black people.

18. Plaintiff raised concerns with Director of HR, Ingie (LNU) about discrimination in the workplace with Glen, who acknowledged Glen's prejudice against black employees but took no action. Plaintiff alleges that Ingie, also Black, was similarly belittled by Glen, which may have deterred her from intervening.

19. Plaintiff claims Glen often dismissed and silenced him, even instructing him not to greet Glen in front of others.

20. In December 2022, Plaintiff requested to attend a party scheduled for December 31 and offered to pay for a table for his family. Glen denied the request, stating Plaintiff's presence was not needed. Later, Plaintiff saw photos of LCC team members at the party, making him feel excluded.

21. During a team discussion about a barbecue at Plaintiff's house, Dukey a coworker of Plaintiff made a racist remark, saying, "I'm not going to that n***a's house."

22. Plaintiff reported the racist comment to HR through Ingie who assured Plaintiff that she would follow up but no action was taken against Dukey.

23. On or around February 12, 2023, Glen demanded Plaintiff submit a two-week resignation explaining to Plaintiff that "no one likes" him and Glen warned Plaintiff that failure to resign would result in termination.

24. Plaintiff sought help from HR, but Ingie advised him to speak directly with Glen instead.

25. Afterward, Plaintiff faced silent treatment from colleagues and was not assigned work.

26. Feeling increasingly marginalized, Plaintiff emailed Glen and HR, stating that his resignation was forced due to retaliation and the hostile work environment.

27. Plaintiff was terminated or constructively terminated based on his race and/or in retaliation for his complaints of discrimination.

28. Throughout Plaintiff employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory level.

29. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

30. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**
*Discrimination based on Race and Color in Violation of the FCRA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

32. The applicable statute, FCRA, prohibits an employer from making employment decisions,

or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

33. The Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

34. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-Black employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color.

35. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

36. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT II
### *Retaliation in Violation of the FCRA*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

40. The foregoing unlawful acts by Defendant were purposeful.

41. Plaintiff is a member of a protected class because he engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with Defendant, and the adverse employment action taken thereafter.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

43. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

46. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

47. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black Caribbean male.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

50. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

53. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

55. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1981, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

   E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*Retaliation in Violation of 42 U.S.C. § 1981*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

58. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

64. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: January 24, 2025                                    Respectfully submitted,

/s/Jason Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law

**REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134.
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorney for Plaintiff.*

Not Official Court Document